**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SANDRA R. TAYLOR,              ) | |
|                                ) | |
|    Plaintiff,                  ) | |
|                                ) | No. 04 C 7270 |
|    v.                          ) | |
|                                ) | Mag. Judge Michael T. Mason |
| NORTHEAST ILLINOIS REGIONAL    ) | |
| COMMUTER RAILROAD CORPORATION  ) | |
| d/b/a/ METRA,                  ) | |
|                                ) | |
|    Defendant.                  ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are plaintiff Sandra R. Taylor's ("plaintiff") motions *in limine* and defendant Northeast Illinois Regional Commuter Railroad Corporation's ("METRA") motions *in limine*. Plaintiff's claims in this matter arise under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. §§ 51-60. For the reasons set forth below, plaintiff's motions *in limine* are denied; defendant's motion *in limine* to bar lay testimony regarding plaintiff's medical condition is granted in part and denied in part; defendant's motion *in limine* to bar plaintiff from introducing evidence of unrelated medical treatment is granted; and defendant's motion *in limine* to bar testimony of a safer alternative, defective tools or an unsafe workplace is granted in part and denied in part.

**BACKGROUND**

Plaintiff seeks damages from METRA for a back injury she allegedly sustained at work on October 17, 2003 while scraping gum off the floor of a railroad car. In Count I of her complaint, plaintiff alleges that METRA was negligent in one or more of the following ways: by failing to have a safe way to perform the work she was required to

do; by failing to provide a safe place to work, and by assigning plaintiff to work for which she was not physically suited. In Count II of her complaint, plaintiff alleges a claim for negligent assignment. In particular, plaintiff alleges that she previously injured her back while working for defendant, she had medical treatment and settled a claim with defendant. Plaintiff further alleges that she was assigned to work beyond her physical capacity, and that defendant failed to provide her with proper tools, material and equipment after being placed on notice of her serious back condition by her prior claim.

**ANALYSIS**

This Court has broad discretion in ruling on evidentiary questions presented before trial on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court's power to exclude evidence *in limine* derives from our authority to manage trials. *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). A motion *in limine* should only be granted where the evidence is clearly inadmissible for any purpose. *Hawthorne Partners v. AT&T Technologies,* 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* With these guidelines in mind, we turn to the motions before the Court.

**A.     Plaintiff's Motion *in Limine* to Exclude Disciplinary Evidence**

Plaintiff filed a motion *in limine* to exclude any mention of purported discipline assessed to plaintiff due to the late filing of an accident report. Plaintiff alleges that she was injured at work on October 17, 2003. However, she did not seek medical attention until the following Monday, October 20, 2003. Plaintiff called in sick on October 20,

2003. Plaintiff contends that during that telephone conversation, she told her supervisor that she injured her back at work on the preceding Friday. In contrast, defendant contends that plaintiff's supervisor will testify that plaintiff did not identify the injury as work-related during the October 20, 2003 phone call. All parties agree that plaintiff did not complete an accident report until October 22, 2003. Plaintiff admits that she was disciplined for failure to file an accident report on the day of the injury. Defendant intends to introduce evidence that METRA requires its employees to report work-related injuries on the date of the occurrence, that plaintiff did not notify METRA of her alleged work-related injury until five days after it occurred, that plaintiff was aware of METRA's rule and the consequences of failing to adhere to it, and that plaintiff was in fact disciplined for violating this rule.

Plaintiff asks this Court to exclude any mention or evidence of purported discipline assessed against her as a result of the late filing of her accident report. Plaintiff argues that METRA's disciplinary procedures have no relevance to the triable issues in this case and that they should be excluded pursuant to *Kulavic v. Chicago & Ill. M. Ry. Co.*, 1 F.3d 507, 511 (7th Cir. 1993). This Court disagrees. There is an issue of fact in this case as to whether plaintiff's injury was sustained at work on the date claimed by plaintiff. The evidence defendant intends to introduce is relevant to that issue.

Furthermore, the *Kulavic* case does not provide a basis for exclusion of this evidence. In *Kulavic*, the plaintiff sought recovery under FELA for injuries he suffered on the job as a result of a physical altercation with his boss. *Kulavic*, 1 F.3d at 509. After an investigative hearing, plaintiff was fired for failing to return to work due to

ongoing physical problems relating to those injuries. *Id.* His termination was upheld on appeal by an arbitration board, and he did not contest the arbitration board's findings that he was not wrongfully terminated. *Id.* at 512. In the FELA action, defendant argued that the arbitral award precluded plaintiff from introducing evidence of damages for lost wages, benefits and earning capacity following his discharge because that issue had already been resolved. *Id.* at 511. However, plaintiff filed his FELA claim to recover lost wages and benefits related to his personal injuries rather than his termination. The Seventh Circuit found that the fact-finding process utilized at the investigative hearing was not equivalent to evidentiary procedures used in judicial fact-finding. *Id.* at 517. The Court further found that the defendant failed to demonstrate that the procedures utilized at the investigative hearing were sufficiently protective of plaintiff's federal statutory right to recover under FELA. *Id.* Accordingly, the Seventh Circuit reversed the district court's finding that plaintiff's lost pay claim was precluded by the arbitration award. *Id.* at 519-20.

Here, METRA does not argue that the disciplinary proceedings relating to plaintiff's failure to file an accident report on the date of the alleged injury have any preclusive effect on any of the matters to be tried in this case. Moreover, plaintiff does not deny that she reported the injury late or that she was disciplined for doing so. Simply put, we find that *Kulavic* is inapplicable here.

Plaintiff also argues that the disciplinary evidence would be prejudicial and not probative under Federal Rule of Evidence 403. Again, we disagree. The fact that plaintiff did not file her injury report until five days after she claims the injury occurred when she knew she could be disciplined for such conduct is probative of whether the

injury actually occurred at work on October 17, 2003. This Court finds no prejudice in allowing defendant to introduce the disciplinary evidence.

Based on the foregoing, plaintiff's motion *in limine* is denied. However, "denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners,* 831 F. Supp. at 1401. Instead, denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. *Id.* The court will entertain objections as they arise at trial, even if the proffer falls within the scope of a denied motion *in limine. Id.* (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

**B.      Plaintiff's Motion *in Limine* to Exclude Evidence of a Prior Settlement**

Count II of plaintiff's complaint is a claim for negligent assignment. Plaintiff argues that the evidence will show that her supervisor specifically knew of a prior back injury plaintiff sustained at work, that plaintiff told her supervisor before her October 17, 2003 injury that certain work was painful for her, and that defendant still assigned her to that specific work. Thus, it is clear that plaintiff intends to introduce evidence of her prior back injury at trial. The prior injury occurred in 2001 and defendant paid plaintiff to settle that claim.

Plaintiff's motion *in limine* asks this Court to bar defendant from introducing evidence of a prior monetary payment paid by defendant to plaintiff pursuant to a settlement of a separate case. Plaintiff argues that evidence of the prior settlement is barred under Federal Rule of Evidence 408. Rule 408 provides:

(a) Prohibited uses. Evidence of the following is not admissible on behalf of

5

any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

    (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and

    (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) Permitted uses. This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

In response, defendant argues that Rule 408 controls when such evidence is used to prove liability but not when the evidence is used for another purpose. Defendant further contends that the settlement of the prior claim involves an unrelated case and it is not being introduced to prove liability in this case. This Court agrees.

Rule 408 does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). See Fed. R. Evid. 408(b); *see also, Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 185 (7th Cir. 1982) (noting that Rule 408 controls when evidence of settlement attempts is offered to prove liability, but it does not require exclusion when the evidence is offered for another purpose). Here, it does not appear that any party intends to use evidence of the prior settlement for any of the purposes set forth in Rule 408(a) (liability; invalidity of, or the amount of a claim that was disputed as to validity or amount; or to impeach through a prior inconsistent statement). Instead, assuming plaintiff introduces evidence of her prior

work-related injury, defendant seeks to introduce evidence of the settlement to prevent confusion to the jury if they were not informed that plaintiff was compensated for the earlier injury. Consequently, this Court finds that evidence of the prior settlement is not barred by Rule 408.

Plaintiff also argues that evidence of the settlement would be prejudicial under Federal Rule of Evidence 403. According to plaintiff, the jury might deem her a "serial filer" or be confused about deducting the prior payment. On the other hand, defendant argues that the jury might be inclined to consider the prior claim when assessing damages in this case if they are not informed of the settlement. At this juncture, plaintiff has not demonstrated that evidence of the prior settlement is inadmissible on all potential grounds. Moreover, the issue of whether the probative value of this evidence is substantially outweighed by the danger of unfair prejudice is best resolved in the context of trial. Accordingly, plaintiff's motion *in limine* to bar defendant from introducing evidence of the prior settlement is denied. Again, this does not mean that all evidence contemplated by this motion will be admitted. *Hawthorne Partners,* 831 F. Supp. at 1401. Plaintiff is free to raise the issue of prejudice at trial.

**C.     Plaintiff's Motion *in Limine* to Include Witness Statements**

Plaintiff seeks to introduce four handwritten statements and two recorded and transcribed statements of defendant's employees. These statements were gathered by defendant following plaintiff's injury and produced during the discovery phase of this case. Plaintiff seeks to introduce these statements in lieu of calling four to five witnesses. According to plaintiff, three of the witnesses state that plaintiff complained of injuries on the date of the accident. She argues that the statements are admissible

7

pursuant to Federal Rule of Evidence 807. Rule 807 provides:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Fed. R. Evid. 807.

The statements in question are clearly hearsay. Furthermore, plaintiff has failed to meet the requirements of Rule 807. The Rule requires that the statements have "equivalent circumstantial guarantees of trustworthiness." Fed. R. Evid. 807. Here, none of the statements were taken under oath and plaintiff has failed to demonstrate how the statements are trustworthy or reliable at all. Moreover, under Rule 807, the statements must be "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." Plaintiff has failed to show that these witnesses are unavailable to testify at trial. This Court cannot conclude that unverified statements are more probative than live witnesses who could be cross-examined and assessed for credibility. Even if one of the witnesses is retired and unavailable to testify at trial as plaintiff suggests, plaintiff still could have attempted to secure an affidavit from that witness. An affidavit would at least provide sworn testimony. Plaintiff failed to explain any reasonable efforts undertaken to procure an affidavit or to arrange for the available witnesses to testify at trial.

8

Because these statements are hearsay and do not fall within the scope of Rule 807, plaintiff's motion to include the handwritten and transcribed statements of defendant's employees is denied.

**D.     Defendant's Motion *in Limine* to Bar Lay Testimony Regarding Plaintiff's Medical Condition**

Defendant asks this Court to bar plaintiff and her attorney from making any argument, suggestion or reference, or eliciting testimony from any witness, or otherwise informing the jury about non-expert opinions, accounts and/or purported knowledge of plaintiff's medical condition.  Defendant argues that plaintiff is not an expert and that without medical knowledge, skill, experience, training and/or education, plaintiff is not equipped to render conclusions or opinions about her medical condition.  According to the defendant, plaintiff's uninformed opinions or lay accounts proffered by her regarding her medical condition should be barred pursuant to Federal Rule of Evidence 701. Defendant further argues that any information relayed to plaintiff from medical or hospital personnel about her medical state would be inadmissible hearsay.

In response, plaintiff's counsel indicates that he does not expect any witness, other than qualified medical personnel, to render medical opinions.  He further states that he does not intend to elicit from plaintiff a medical opinion as to what caused her pain.  However, plaintiff does intend to testify about her pain, symptoms and medical treatment.

Pursuant to Federal Rule of Evidence 701, lay witness testimony in the form of opinions or inferences "is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the

9

witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Furthermore, Rule 702 clarifies that a nonexpert is not permitted to give expert testimony. *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001); Fed. R. Evid. 702.

Defendant's motion *in limine* is overly broad. To the extent that defendant seeks to bar plaintiff (or any other lay witness) from offering medical opinions or any testimony concerning causation, the motion *in limine* is granted. However, to the extent that defendant seeks to bar plaintiff from testifying about her medical condition at all, the motion is denied. Plaintiff may testify about her symptoms, her pain and the treatment she underwent. *See Townsend v. Benya*, 287 F. Supp. 2d 868, 875 (N.D. Ill. 2003) (finding that testimony by plaintiff regarding subjective symptoms such as pain was admissible because it did not require the knowledge of an expert witness) (citing Fed. R. Evid. 701); *see also, Mickey v. Dargis*, 2004 U.S. Dist. LEXIS 7064, *4-5 (N.D. Ill. 2004) (stating that plaintiff could testify about "his treatment, e.g., sutures and prescriptions, and how he felt at various times -- matters of personal knowledge and observation well within his competence."). Defendant is free to object at trial if plaintiff ventures into areas beyond her own perception.

Based on the foregoing, defendant's motion *in limine* to bar lay testimony regarding plaintiff's medical condition is granted in part and denied in part.

### E.  Defendant's Motion *in Limine* to Bar Unrelated Treatment

Defendant METRA asks this Court to bar plaintiff from introducing evidence of unrelated medical treatment. In particular, defendant asks us to bar any evidence of medical treatment after Dr. Robinson released plaintiff to return to work on March 12,

2004. Defendant argues that there is no medical evidence correlating plaintiff's condition or treatment after March 12, 2004 with her October 17, 2003 injury and therefore, plaintiff should be precluded from presenting any testimony to that effect.

Plaintiff seeks to introduce the testimony of Dr. Daniel Curry, who performed surgery on plaintiff in September 2006. Plaintiff first saw Dr. Curry in June 2006. At that time, plaintiff reported that she was injured at work in March 2006 while she was bent forward scraping gum from a METRA train. Dr. Curry testified that he operated on plaintiff because she suffers from congenital anomaly called Tethered Cord Syndrome. Dr. Curry explained that Tethered Cord Syndrome means that a person is born with an abnormally thick and foreshortened anchor to the spinal cord. The fact that plaintiff was born with this condition does not mean that she was symptomatic since birth. However, Dr. Curry explained that if plaintiff was flexing forward while she was scraping gum from the railroad car, he thought that was a posture that could elicit her symptoms.

Dr. Curry testified to a reasonable degree of medical certainty that the symptoms plaintiff complained about in March 2006 were a result of her Tethered Cord Syndrome. However, Dr. Curry could not offer an opinion to a reasonable degree of medical certainty as to whether the back condition plaintiff reported in October 2003 was related to her Tethered Cord Syndrome. Indeed, Dr. Curry was unaware of the details of any back injuries that occurred prior to the March 2006 incident.

Plaintiff argues that Dr. Curry's testimony confirms plaintiff's statements that standing gave her no pain but scraping gum from between the seats while squatting or bending - the very activities she complained of to her supervisor - is a competent cause of her pain. Plaintiff seems to ignore the fact that Dr. Curry's entire deposition

11

addresses plaintiff's March 2006 injury.  The 2006 injury is not a part of this case.  In fact, on October 15, 2007, this Court denied plaintiff's motion for leave to amend the complaint to add the March 2006 injury to this case.  The motion was denied based on plaintiff's delay in seeking leave to amend and the prejudice defendant would have suffered if we allowed the amendment.

Because the March 2006 injury is not part of this case, Dr. Curry's testimony is simply not relevant here.  First of all, he testified that he had no details of plaintiff's prior back injuries.  Dr. Curry did testify that the position plaintiff was in while she scraped gum from the METRA train could elicit her symptoms.  However, that testimony relates solely to plaintiff's March 2006 injury.  Furthermore, Dr. Curry could not and did not offer an opinion to a reasonable degree of medical certainty as to whether plaintiff's October 2003 back condition was related to her Tethered Cord Syndrome.

Moreover, even if we found that Dr. Curry's testimony was relevant to plaintiff's October 2003 injury, his testimony would be prejudicial under Federal Rule of Evidence 403.  Indeed, if the jury was informed that plaintiff was injured again at work in March 2006 and subsequently had surgery, it is likely that they would compensate her for this additional injury.  However, this Court already barred plaintiff from amending her complaint to add the March 2006 injury.  We cannot allow plaintiff to circumvent our October 15, 2007 Order by introducing Dr. Curry's testimony.  Accordingly, defendant's motion *in limine* to bar plaintiff from introducing any evidence of medical treatment after March 12, 2004 is granted.

As this Court stated in our Order denying plaintiff's motion for leave to amend, plaintiff is free to file a new action based on her March 2006 injury.

**F.     Defendant's Motion *in Limine* to Exclude Testimony of a Safer Alternative, Defective Tools or an Unsafe Workplace**

Defendant asks this Court to bar plaintiff from introducing evidence or testimony regarding a safer alternative to the method of scraping gum; that the tools provided by METRA were unsafe or defective; or that METRA otherwise provided an unsafe workplace. During plaintiff's deposition, she was questioned about her claim that METRA provided an unsafe workplace. Plaintiff testified that the size of the scraper blade provided by METRA was inadequate because it required her to provide more force than she would have been required to use with a larger blade. Plaintiff further testified that she has not had any problems since METRA gave her a larger tool to use. The larger scraper has a wider, heavier and thicker blade as well as a longer handle. Plaintiff testified that if she had been using the scraper with the longer handle on the day of her October 2003 injury, she would not have had to squat.

Defendant argues that plaintiff's testimony in this regard is self-serving speculation. Defendant seeks to bar plaintiff from testifying that the tools METRA provided to her were defective or unsafe, or that a safer method or tool could have been provided. According to the defendant, plaintiff is not competent to testify that the tools are unsafe or defective without an expert witness. Defendant argues that such testimony is based on "scientific, technical or otherwise specialized knowledge." *See* Fed. R. Evid. 701 and 702. Plaintiff has not named an expert witness to testify about the tools or suitability of the method used to remove gum aboard METRA trains.

This Court agrees that plaintiff cannot testify that the tools METRA provided to her were defective or unsafe because such testimony requires scientific, technical or

otherwise specialized knowledge and therefore, falls within the scope of Federal Rule of Evidence 702. However, under Rule 701, plaintiff is permitted to offer her opinion based on her own perception about the tools METRA provided to her. Fed. R. Evid. 701. After reviewing plaintiff's deposition testimony, it is clear that plaintiff's opinion that the smaller sized scraper was "inadequate" compared to the larger scraper is based on her own perception in using both tools to remove gum from METRA trains. This Court finds that plaintiff's personal opinion concerning the different sized scrapers does not constitute scientific, technical or otherwise specialized knowledge. Accordingly, this Court will not bar plaintiff from offering her opinion that the smaller scraper was inadequate. That being said, plaintiff is warned that this Court will not allow her to offer any opinions that are based on scientific, technical or otherwise specialized knowledge. Defendant is free to object at trial if plaintiff attempts to offer any opinion beyond her own perception.

Based on the foregoing, defendant's motion *in limine* to bar testimony of a safer alternative, defective tools or an unsafe workplace is granted in part and denied in part.

**CONCLUSION**

For the reasons set forth above, plaintiff's motions *in limine* are denied; defendant's motion *in limine* to bar lay testimony regarding plaintiff's medical condition is

granted in part and denied in part; defendant's motion *in limine* to bar plaintiff from introducing evidence of unrelated medical treatment is granted; and defendant's motion *in limine* to bar testimony of a safer alternative, defective tools or an unsafe workplace is granted in part and denied in part. It is so ordered.

                **ENTER:**

                _____
                **MICHAEL T. MASON**
                **United States Magistrate Judge**

**Dated: January 28, 2008**